**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Emilio S.R.G., | Case No. 26-cv-2189 (KMM/DLM) |
| Petitioner, | |
| v. | **ORDER** |
| Markwayne Mullin, et al., | |
| Respondents. | |

---

On May 11, 2026, United States Magistrate Judge Douglas L. Micko issued a Report and Recommendation ("R&R") recommending that Petitioner Emilio S.R.G.'s Petition for a Writ of Habeas Corpus be granted and that he be released. (Dkt. 8.) Respondents object to the R&R. (Dkt. 11.) After carefully considering the record, the Court sustains the Objections and respectfully rejects the R&R. Mr. S.R.G. has until July 8, 2026 to address additional grounds for relief raised in his original Petition that were not addressed in the R&R.

**BACKGROUND**

Emilio S.R.G. is a native of Cuba who entered the United States as a refugee in 1980. Since then, Mr. S.R.G. has incurred fourteen criminal convictions, including felonies, and has served multiple prison sentences. In 1997, an immigration judge entered an order of removal for Mr. S.R.G. Since then, he has frequently been taken into immigration custody, but each time released after some time on supervision due to Cuba's unwillingness to repatriate him. Mr. S.R.G. also has a record of failing to comply with the

1

conditions of his release or attending required immigration appointments (although some of his nonappearances are due to terms of incarceration).

Following his most recent conviction in 2023, Respondents lodged a detainer request for Mr. S.R.G. and revoked his release of supervision. On March 3, 2026, Respondents took Mr. S.R.G. into custody upon his release from Minnesota state custody and served him with a Notice of Revocation of Release, a Form 71-075 Assumption of Custody Notification based on his final order of removal, and a Form I-205 Warrant of Removal. Later that same day, Immigration and Customs Enforcement ("ICE") conducted an informal interview with Mr. S.R.G. Respondents allege, and Mr. S.R.G. does not dispute, that Mr. S.R.G. did not contest his revocation at the interview or otherwise seek an extension of time. He is currently being held at the Sherburne County Jail.

On April 9, 2026, Mr. S.R.G. filed his Petition. (Dkt. 1.) On May 11, 2026, Judge Micko issued an R&R recommending that Mr. S.R.G.'s Petition be granted. (Dkt. 8.) Respondents timely objected to the R&R. (Dkt. 11.)

## LEGAL STANDARD

Because Respondents have objected to the R&R in whole, the Court reviews the conclusions de novo. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). District courts "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

2

## DISCUSSION

I.      **Report and Recommendation**

At issue here is 8 C.F.R. § 241.13(i), a regulation governing the revocation of a non

citizen's[1] immigration parole. Relevant here, section 241.13(i) states:

> Upon revocation, the alien will be notified of the reasons for revocation of his or her release. [ICE] will conduct an initial informal interview promptly after his or her return to [ICE] custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

*Id.* § 241.13(i)(3). Restated, § 214.13(i)(3) requires there to be (1) notice to the non-citizen

of the reasons for the revocation; and (2) that "an initial informal interview" be held

"promptly" to allow the non-citizen to respond to those reasons. The R&R concluded that

Mr. S.R.G. was provided proper notice of his revocation and neither party objected to that

conclusion.

However, Mr. S.R.G. challenges the manner of his informal interview. He does not,

as a factual matter, dispute that the interview happened or that it occurred "promptly."

Instead, Mr. S.R.G. argues that the interview happened so promptly that it interfered with

his ability to gather and "submit any evidence or information" to meaningfully challenge

---

[1] "This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

his revocation. Therefore, according to Mr. S.R.G., the timing of his interview violated his procedural-due-process-rights, and that he should be immediately released. The R&R agrees with Mr. S.R.G. on this point, and Judge Micko recommends release as a remedy. The undersigned disagrees.

Let's start with the text of § 241.13(i)(3). Agencies must adhere to their own regulations. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265–68 (1954). There is no real question that Respondents complied with § 241.13(i)(3) as written: Respondents served Mr. S.R.G. with notice of the reasons for revocation on at the time of his detention, and an informal interview was held later that day. The amount of time between his return to Respondents' custody and the interview was surely "prompt[]" within the meaning of the regulation. *See Faisal Y. v. Mullin*, No. 26-cv-2521 (LMP/ECW), 2026 WL 1557136, at *3 (D. Minn. June 2, 2026) ("ICE promptly conducted an informal interview with [the petitioner] the same day the notice was served[.]"). And, as required by the regulation, Mr. S.R.G. was afforded an opportunity to challenge the basis for his revocation, which he did not take.

The Court disagrees with Mr. S.R.G. that more process was required. He alleges that the interview was too prompt to allow him to meaningfully contest his detention. Even assuming that Mr. S.R.G.'s due-process rights were implicated here,[2] Mr. S.R.G.

---

[2] Petitioner cites the report and recommendation in *Ge Y. v. Noem* for the proposition that parole revocation under § 241.13 implicates an individual's due-process rights. No. 26-cv-1700 (KMM/LIB), 2026 WL 800005, at *4 (D. Minn. Mar. 17, 2026), *R&R adopted*, 2026 WL 803129 (D. Minn. Mar. 23, 2026). However, because that report and recommendation was adopted after the government failed to object and reviewed only for clear error, 2026 WL 803129, at *1, the Court declines to apply it here.

previously had, and currently has, a meaningful ability to contest his revocation. Not only did he have the swift informal interview on March 3, but he also has avenues through § 241.13 to bring such a challenge now. *See* 8 C.F.R. § 241.13(d) (establishing a process for noncitizens to request review of their revocation), (j) (governing subsequent requests after denial under subsection (d)). Instead, the regulatory scheme contemplates an immediate opportunity to contest revocation at the outset of the detention and a more fulsome opportunity at a later time. Yet Petitioner has not availed himself of either. Finding no due process violation on these facts, the Court concludes that Respondents complied with 8 C.F.R. § 241.13(i) by providing Mr. S.R.G. with proper notice of his revocation and an opportunity to contest it, and accordingly rejects the R&R.

## II.     Additional Grounds for Relief

Mr. S.R.G.'s Petition raised additional claims for relief. But because Judge Micko determined that the prompt informal interview was constitutionally infirm, he understandably did not address those additional arguments. Therefore, on or before July 8, 2026, Mr. S.R.G. may file a memorandum addressing any of the grounds for relief not addressed in the R&R or this Order. If Petitioner does so and Respondents wish to file a Response, they must do so no later July 15, 2026. The Court will address any additional arguments in the first instance.

### ORDER

Based on the above, **IT IS HEREBY ORDERED THAT**:

1.      The Report and Recommendation (Dkt. 8) is **REJECTED**.

5

2.   **No later than July 8, 2026**, Petitioner Emilio S.R.G. may file a memorandum addressing any grounds for relief not addressed by the Court. If Respondents wish to respond, they must do so **no later July 15, 2026**.

3.   The Order issued preventing Mr. S.R.G.'s transfer out of the District (Dkt. 3) is hereby **VACATED** in light of the Court's careful view of the record. Instead, Respondents are **PROHIBITED** from transferring Petitioner to another district **without at least 24 hours prior notice** to the Court and opposing counsel so that Petitioner remains able to communicate with his attorney.

Dated: June 24, 2026                    *s/Katherine M. Menendez*
                                        Katherine M. Menendez
                                        United States District Judge