**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Emilio S.R.G., | Case No. 26-cv-2189 (KMM/DLM) |
| Petitioner, | |
| v. | **ORDER** |
| Markwayne Mullin, et al., | |
| Respondents. | |

---

Petitioner Emilio S.R.G., a noncitizen from Cuba, filed a Petition for a Writ of Habeas Corpus on April 9, 2026 after being detained by Respondents. (Dkt. 1.) United States Magistrate Judge Douglas L. Micko issued a Report and Recommendation recommending that the Court grant the Petition on one of the claims raised by Mr. S.R.G. (Dkt. 8.) In a June 24, 2026 Order, the Court disagreed with Judge Micko that the issue he explored required Mr. S.R.G.'s release. (Dkt. 14.) Instead, the Court provided Mr. S.R.G. with an opportunity to file a brief addressing his other grounds for relief. (*Id.* at 6 ¶ 2.) Upon receiving his brief (Dkt. 16), the Court granted him leave to file an amended petition (Dkt. 17). That Amended Petition, filed on July 8, 2026, is now before the Court. (Dkt. 19.) Respondents filed a Response to the Amended Petition on July 15, 2026. (Dkt. 20.)

Mr. S.R.G. has been in the United States since 1980. (Dkt. 19 ¶ 11.) During that time, he has amassed fourteen criminal convictions and served multiple prison sentences. (*See id.* ¶ 13.) A final order of removal was entered against Mr. S.R.G. in 1997. (*Id.* ¶ 14.) Immigration enforcement has since detained Mr. S.R.G. on multiple occasions but, due to

1

Cuba's unwillingness to repatriate Cuban nationals in the United States, he was subsequently released from custody on Orders of Supervision. (*See id.* ¶¶ 14, 16.) Most recently, Mr. S.R.G. was detained by immigration agents upon his release from Minnesota state custody, where he had served a three-year sentence for possession of firearms or ammunition. (*Id.* ¶ 17.) He was soon after served a Notice of Third Country Removal for Mexico and transferred to Arizona to affect his removal. (Dkt. 6 ¶¶ 49–50.) But when Respondents attempted to execute his final order of removal on March 25, 2026, Mr. S.R.G. refused to comply and was not removed. (*Id.* ¶ 51.) Respondents accordingly transferred him back to Minnesota, where he began challenging his detention. (*Id.* ¶ 52.)

In his Amended Petition, Mr. S.R.G. does not contest the validity of his final order of removal, that Respondents can lawfully execute his removal to a third country (here, Mexico), or that he would already be removed from the United States if not for his noncompliance on March 25, 2026. Instead, he only contests the validity of his March 3 arrest, arguing that Respondents lacked a legal predicate to redetain him and citing prior cases from the Court and this District where similar deficiencies entitled relief. (*E.g.*, Dkt. 19 ¶ 33 (citing *Ger V. v. Mullin*, No. 26-cv-2543 (KMM/DTS), 2026 WL 1847044 (D. Minn. June 26, 2026)).) But unlike those prior decisions, Mr. S.R.G. remains in custody because he refused his lawful removal from the United States. That noncompliance with the government's efforts to remove him makes habeas relief inappropriate; indeed, had Mr. S.R.G. cooperated, his extended detention would have ended before his Petition was even filed. *Cf. Williams v. Sessions*, No. 18-cv-2633(DSD/SER), 2019 WL 234350, at *4 (D. Minn. Jan. 16, 2019) ("[T]he record and Williams' conduct raise[] a strong suspicion that

he is obstructing his removal to secure conditional release. Until the court is confident that Williams is participating in good-faith in the removal process, it cannot conclude that his post-removal order detention violates the Due Process Clause of the Fifth Amendment."), *aff'd as modified sub nom. Williams v. Barr*, 786 F. App'x 71 (8th Cir. 2019); *Lema v. I.N.S.*, 341 F.3d 853, 857 n.7 (9th Cir. 2003) ("We also believe that removable aliens should not be rewarded with release into the United States for their bad behavior in refusing to assist officials to effect their removal."); *Hall v. Mukasey*, No. CV-08-RDP-RRA-1136-M, 2009 WL 5627646, at *6 (N.D. Ala. Jan. 2, 2009) ("Aliens who choose not to cooperate with ICE's removal efforts are not entitled to habeas relief.") (collecting cases). Therefore, the Court denies Mr. S.R.G.'s Amended Petition.

## ORDER

Based on the above, **IT IS HEREBY ORDERED THAT** Petitioner Emilio S.R.G.'s Amended Petition for a Writ of Habeas Corpus (Dkt. 19) is denied.

**Let judgment be entered accordingly.**

Dated: July 23, 2026                          *s/Katherine M. Menendez*
                                              Katherine M. Menendez
                                              United States District Judge

3